IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

TIMOTHY DOYLE YOUNG,

    Plaintiff,

v.            CIVIL ACTION NO.   5:15-cv-14151

MATTHEW MELLADY and
BUREAU OF PRISONS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

  The Court has reviewed the Plaintiff's *Civil Complaint* (Document 1), wherein he claims that the Bureau of Prisons (BOP) has denied him access to his medical records.  By *Standing Order* (Document 2) entered on October 19, 2015, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On January 6, 2016, following the retirement of Magistrate Judge VanDervort, this matter was referred to the Honorable Omar J. Aboulhosn.  On July 12, 2016, Magistrate Judge Aboulhosn submitted a *Proposed Findings and Recommendation* (PF&R) (Document 53), recommending that the Court grant the Defendants' Motion for Summary Judgment (Document 18), deny the Plaintiff's Motion for Preliminary Injunction (Document 34), dismiss the Plaintiff's Complaint (Document 1), and remove this matter from the Court's docket.  On July 29, 2016, the Plaintiff filed his *Objections*

(Document 55). For the reasons stated herein, the Court finds that the Plaintiff's case should be dismissed.

Although Magistrate Judge VanDervort issued an order granting the Plaintiff's application to proceed without prepayment of fees (Document 7), the Plaintiff is barred from filing civil suits *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1] The Plaintiff, who is incarcerated at USP Florence in Colorado, has an apparent strategy of filing suits in district courts across the country in an effort to evade § 1915(g). Numerous courts have issued opinions informing Mr. Young that he is not permitted to proceed *in forma pauperis*. *See, e.g.*, *In re Young*, 382 F. App'x 148, 149 (3d Cir. 2010) (applying § 1915(g) and noting that "Young has worn out his welcome elsewhere); *Young v. United States*, 88 Fed. Cl. 283, 291 (2009) (counting over sixty suits initiated by the Plaintiff, and stating that "Mr. Young has made himself an example of the type of plaintiff Congress was trying to address when it enacted the Prison Litigation Reform Act."); *Young v. United States*, No. 14-CV-11930, 2014 WL 2533834, at *2 (E.D. Mich. June 5, 2014) (noting that the Plaintiff "was advised by federal district judges on at least three separate occasions that he was precluded from proceeding *in forma pauperis*…because of these prior dismissals."); *Young v. United States*, No. 2:13-CV-00833, 2013 WL 6710775, at *2 (S.D. Ohio Dec. 18, 2013), *report and recommendation adopted*, No. 2:13-CV-00833, 2014 WL 2515586 (S.D. Ohio June 4, 2014); *Young v. United States*, No. 3:14-CV-0420-B, 2014 WL 1660689, at *1 (N.D. Tex. Apr. 18, 2014).

---

1 The following three cases were dismissed as frivolous and/or malicious: *Young v. Bureau of Prisons,* No. 1:08–CV–00182 (D.Colo.); *Young v. United States,* No. 1:08–CV–226 (D.Colo.); *Young v. No Defendants Named,* No. 1:08–CV–413 (D.Colo.).

2

The Plaintiff alleges that Defendant Matthew Mellady, employed by the BOP at the Mid-Atlantic Regional Office in Beaver, West Virginia, withheld records of Hepatitis-C blood test results when responding to the Plaintiff's request for such medical records. Although the Plaintiff alleges that his life has been placed in imminent danger by the "fraudulent concealment of medical records," the Court finds that allegation to be frivolous.[2] (Compl. at 2.) Allegations regarding the medical care being provided to the Plaintiff cannot properly be pursued in this district, as the Plaintiff is housed in Colorado.[3] The only allegations over which this Court possesses jurisdiction involve Mr. Mellady's response to the Plaintiff's request for records, which cannot be said to involve an imminent danger to the Plaintiff. The Plaintiff's attempt to sneak his filings past the strictures of 28 U.S.C. § 1915(g) is unavailing. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit.")

Accordingly, the Court finds that the Magistrate Judge's order (Document 7) granting the Plaintiff leave to proceed *in forma pauperis* was clearly erroneous. The Court **ORDERS** that the Plaintiff's *Civil Complaint* (Document 1) be **DISMISSED** pursuant to 28 U.S.C. § 1915(g), and

---

[2] The filings in this case make it abundantly clear that Mr. Young was provided with medical records confirming his diagnosis.

[3] A federal court in Colorado has previously warned the Plaintiff "to refrain from filing repetitious litigation with this Court or any other federal district court regarding issues where venue properly lies in this Court." *Young v. BOP*, No. CIVA 08CV-00182-BNB, 2008 WL 582176, at *2 (D. Colo. Mar. 3, 2008). The Plaintiff's objections and other filings in this case demonstrate that his primary complaints relate to the actions of BOP employees in his facility. He has continued to file documents generated through various administrative complaints filed during the pendency of this action and complaints regarding those administrative responses, none of which can properly be considered by this Court, or indeed by any Court prior to administrative resolution.

that any pending motions be **TERMINATED**. The Court further **ORDERS** that this matter be **STRICKEN** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

    ENTER:    September 2, 2016

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA